United States District Court
District of Massachusetts

|  |  |
|---|---|
| ADAM BERMUDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 13-12835-NMG |
| NEWLONG MACHINE WORKS, LTD. and ) | |
| NEWLONG INDUSTRIAL CO., LTD., ) | |
| ) | |
| Defendants. ) | |
| MARIA MUNOZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 14-11131-NMG |
| NEWLONG MACHINE WORKS, LTD. and ) | |
| NEWLONG INDUSTRIAL CO., LTD., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

These product liability actions arise out of personal injuries to the hand allegedly caused by a bag-making machine manufactured by defendant Newlong Industrial Co., Ltd. ("Newlong Industrial"). Plaintiffs Adam Bermudez ("Bermudez") and Maria Munoz ("Munoz") have individually filed lawsuits against Newlong Industrial and its former exclusive distributor, Newlong Machine Works, Ltd. ("Newlong Machine"). Both Newlong Industrial and

-1-

Newlong Machine are Japanese corporations with their principal places of business in Japan.

Pending before the Court are motions to dismiss for lack of personal jurisdiction filed by Newlong Industrial in both cases. For the reasons that follow, the motions will be denied.

I.  **Background**

In 1997, representatives of Massachusetts-based Longview Fibre Company ("Longview") met with Newlong Industrial and its engineers at its plant in Kashiwa, Japan regarding the potential purchase of a bag-making machine ("the machine"). That meeting was arranged by Newlong Machine and its subsidiary American-Newlong, Inc. ("American Newlong"). In February, 2000, Longview placed an order with Newlong Machine to purchase such a machine for $860,000. Newlong Industrial completed a parts list in English for Longview's approval in May, 2000 and commenced the manufacture of the unit according to Longview's specifications later that month. In July, 2000, representatives from Longview, Newlong Machine and Newlong Industrial attended a joint inspection of the machine at Newlong Industrial's plant. Business cards confirming Longview's Waltham, Massachusetts business address were offered and received at both meetings in 1997 and 2000.

Longview subsequently sold the machine to Ampac Paper LLC ("Ampac") in 2004. In November, 2010, plaintiff Adam Bermudez allegedly caught his hand in the machine during the course of his employment by Ampac at its paper-bag making facility in Walden, New York. Maria Munoz allegedly suffered a similar hand injury in June, 2011 caused by the same machine during the course of her employment by Ampac at the same facility.

Although Newlong Machine was the exclusive distributor of Newlong Industrial machinery in the United States at the time of Longview's purchase, the two companies allegedly worked closely together and Newlong Industrial helped with marketing and sales of the machines by inviting customers to visit its facilities and personnel in Japan and by producing manuals and parts lists in English. The business relationship between Newlong Machine and Newlong Industrial ended in 2002.

## II. Procedural history

Plaintiff Bermudez filed a complaint in November, 2013. This Court allowed plaintiff's motion for an order appointing an international process server in May, 2014. After receiving the summons, defendant Newlong Industrial moved to dismiss the complaint for lack of personal jurisdiction in September, 2014.

Plaintiff Munoz initiated her lawsuit in March, 2014. Defendant Newlong Industrial moved to dismiss for lack of personal jurisdiction in September, 2014.

Plaintiffs have submitted, as Exhibit I to an affidavit in opposition to the pending motions to dismiss, a print out of a webpage of Midwest Packaging Equipment Company, which served as the North American sales and service office of Newlong Industrial since September, 2003. The exhibit provides details regarding the relationship between the two defendants:

> In April 2002, Newlong Machine Works, LTD (the marketing division of Newlong) and Newlong Industrial Company, LTD (the manufacturing division of Newlong) ended their nearly 60-year relationship due to irreconcilable differences.

The Court held a hearing on the pending motions to dismiss in February, 2015.

### III. **Issue preclusion**

As a preliminary matter, plaintiffs Bermudez and Munoz and defendant Newlong Machine contend that Newlong Industrial's personal jurisdiction argument is barred under the principle of issue preclusion.

**A.   Legal standard**

Issue preclusion, or collateral estoppel,

> bars relitigation of any factual or legal issue that was *actually* decided in previous litigation between the parties, whether on the same or a different claim.

Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994) (internal quotation marks omitted) (emphasis in the original). Mutuality is not required for the application of issue preclusion in federal courts. Rodriguez-Garcia v. Miranda-

Marin, 610 F.3d 756, 771 (1st Cir. 2010) ("Nonmutual collateral estoppel may be invoked...by a plaintiff who seeks to foreclose the defendant from litigating an issue the defendant had previously litigated unsuccessfully in an action with another party").

When the judgment in the first action was rendered by a federal court, the preclusive effect of that judgment is governed by federal law. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). Under federal law, a party seeking to invoke issue preclusion must establish that

> (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment.

Ramallo Bros. Printing v. El Dia, Inc., 490 F.3d 86, 90 (1st Cir. 2007).

**B.  Application**

Bermudez, Munoz and Newlong Machine contend that Newlong Industrial is collaterally estopped from contesting personal jurisdiction because the same argument was denied in Roman v. Harris & Bruno Machine Co. et al., C.A. No. 08-10762-JLT (D. Mass.). The plaintiff in Roman was also an employee of Ampac Paper LLC and sustained a hand injury in New York State in May, 2005 while using the same bag-making machine manufactured by

Newlong Industrial. Newlong Industrial moved to dismiss the complaint based on lack of personal jurisdiction but United States District Judge Joseph L. Tauro of this Court issued an order denying that motion without elaboration in July, 2009. Newlong Industrial subsequently answered the plaintiff's amended complaint. In March, 2010, the parties to the Roman litigation entered a stipulation of dismissal with prejudice and waived all rights to appeal.

Newlong Industrial disputes the applicability of issue preclusion because it contends that the issue of whether it is subject to personal jurisdiction in this Court was not determined by a valid and binding final judgment in Roman. The Court agrees.

The First Circuit Court of Appeals has explained that the denial of a motion to dismiss a complaint for a lack of personal jurisdiction "is not a final adjudication and generally is not appealable on an interlocutory basis." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 23 (1st Cir. 2005). A stipulation of dismissal of such an interlocutory order does not render the issue collaterally estopped. See Toscano v. Connecticut Gen. Life Ins. Co., 288 F. App'x 36, 38 n. 2 (3d Cir. 2008) ("Settlement agreements involve claim preclusion, not issue preclusion") (citing United States v. Int'l Bldg. Co., 345 U.S. 502, 505-06 (1953)).

As the Massachusetts Supreme Judicial Court has reasoned, a dismissal with prejudice does not constitute a final judgment on the merits for the purpose of issue preclusion because when a party settles, it loses the opportunity and incentive to appeal an unfavorable interlocutory ruling and it would be unfair to bar relitigation of the issue in subsequent proceedings against different parties. Jarosz v. Palmer, 436 Mass. 526, 535 (2002) ("interlocutory orders entered before the stipulation of dismissal will not be accorded preclusive effect").

Accordingly, although the Court considers Judge Tauro's order to be persuasive authority, it will proceed to analyze the merits of Newlong Industrial's jurisdictional arguments.

## VI. Motion to dismiss for lack of personal jurisdiction by defendant Newlong Industrial

### A. Legal standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is 1) statutorily authorized and 2) consistent with the Due Process Clause of the United States Constitution. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must apply the "prima facie" standard of review.

United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under that standard,

> it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution.

Id. (quoting United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 987 F.2d 39, 43 (1st Cir. 1993)).

Because the Massachusetts long-arm statute reaches to the full extent that the Constitution allows, the Court may proceed directly to the Constitutional analysis. See Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995); Tatro v. Manor Care, Inc., 416 Mass. 763 (1994). Due Process requires that the defendants have "minimum contacts" with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

There are two forms of personal jurisdiction: general and specific. Pritzker v. Yari, 42 F.3d 53, 59 (1st Cir. 1994). General jurisdiction exists when the defendant has engaged in "continuous and systematic activity," unrelated to the suit, in the forum state. Id. at 60. Plaintiffs do not contend that defendant Newlong Industrial is subject to general jurisdiction in Massachusetts.

Specific jurisdiction is narrower and exists when the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state. Id. The First Circuit employs a tripartite analysis to determine whether specific jurisdiction is appropriate. The Court inquires whether 1) the claims arise out of or are related to the defendants' in-state activities, 2) the defendants have purposefully availed themselves of the laws of the forum state and 3) the exercise of jurisdiction is reasonable under the circumstances. Sawtelle, 70 F.3d at 1389.

**B. Application**

**1. Relatedness**

The relatedness test requires that an action "directly arise out of the specific contacts between the defendant and the forum state." Sawtelle, 70 F.3d at 1389. It is, however, a relatively "flexible, relaxed standard." Pritzker, 42 F.3d at 60-61. In light of the flexible nature of the relatedness inquiry, the First Circuit has declined to require strict adherence to a proximate cause standard in personal injury lawsuits because

> [w]hen a foreign corporation directly targets residents in an ongoing effort to further a business relationship, and achieves its purpose, it may not necessarily be unreasonable to subject that corporation to forum jurisdiction when the efforts lead to a tortious result....If the resident is harmed while engaged in activities integral to the

> relationship the corporation sought to establish, we
> think the nexus between the contacts and the cause of
> action is sufficiently strong to survive the due
> process inquiry at least at the relatedness stage.

Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 715-16 (1st Cir. 1996). Moreover,

> [i]n order to be subject to Massachusetts'
> jurisdiction, a defendant need only have one contact
> with the forum state, so long as that contact is
> meaningful.

Id. at 717.

Newlong Industrial contends that it has engaged in zero in-forum conduct because it has never 1) made any direct sales in Massachusetts, 2) targeted advertising at Massachusetts, 3) sold any products to Massachusetts residents, 4) maintained a phone number, bank account or real property in Massachusetts or 5) been authorized to do business in Massachusetts. It avers that plaintiffs' alleged injuries suffered in New York State therefore cannot arise from Newlong Industrial's contacts with Massachusetts.

Plaintiffs and Newlong Machine respond that the instant lawsuits relate directly to Newlong Industrial's contacts with forum state because the plaintiffs' accidents were caused by the machine that was designed and manufactured specifically for a Massachusetts company to be used at its plant within the Commonwealth.

-10-

The Court concludes that plaintiffs have demonstrated a "meaningful link" between their harms suffered and Newlong Industrial's contact with Massachusetts. See Nowak, 94 F.3d at 716. Newlong Industrial had 1) met with Longview representatives both prior to the sale and during inspections prior to the shipment and 2) specifically manufactured the machine for use by Longview in its Massachusetts facility. The fact that the alleged injuries caused by the machine occurred in New York State after Longview sold it to Ampac does not negate Newlong Industrial's direct contact with Longview, its contributions toward making the sale of the customized machine or its production of the machine tailored specifically for a company based in Massachusetts. Accordingly, the relatedness prong of the jurisdictional analysis is satisfied.

### 2. Purposeful availment

To prove purposeful availment the plaintiff must show that the defendant expressly aimed the act at the plaintiff, knowing it would be felt by the plaintiff in the forum state. Calder v. Jones, 465 U.S. 783, 788-89 (1984). This element

> ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations and internal quotations omitted).

Newlong Industrial contends that its involvement with the bag-making machine ended with the transfer of title to Newlong Machine in Japan. It asserts that it did not 1) play any role in negotiated the sale, 2) have any authority to direct to whom or where the machine would be sent or 3) coordinate the sale of the machine to Longview. Newlong Industrial contends that because it was Newlong Machine that sold the machine to Longview in Massachusetts, its contacts with Massachusetts were merely fortuitous and caused by a third party. The Court disagrees.

Evidence suggests that Newlong Industrial conducted an in-person meeting with Longview in 1997 to help effectuate the sale of the machine. It then manufactured a customized bag-making machine according to specifications presented by Longview. In a 2008 letter sent to the plaintiff's attorneys in the prior Roman action, the President of Newlong Industrial, Mr. Yasuyuki Cho, stated that

> the machine was manufactured in full conformity with the contract and technical specification of the buyer, Longview Fibre Company....4 inspectors from Longview visited our factory just before shipment...And they gave us final approval for shipment.

The meetings that took place at Newlong Industrial's plant in 1997 and 2000 demonstrate that the defendant had knowledge that Longview was a Massachusetts company and that the machine would ultimately be used in Massachusetts. Both meetings involved the exchange of business cards which confirmed Longview's business

address.  Packing slips were also directed to Longview's address in Massachusetts.

Newlong Industrial's use of its exclusive distributor to dispatch its product to Longview in Massachusetts does not preclude this Court's exercise of personal jurisdiction. See Benetez-Allende v. Alcan Aluminio do Brasil, S.A., 857 F.2d 26, 29 (1st Cir. 1988).  The Court concludes that it was not simply "fortuitous" that Newlong Industrial's machine was delivered to Massachusetts.  Instead, that company participated in a targeted sale and manufactured a customized machine specifically for Longview for use in Massachusetts.  Plaintiffs have therefore satisfied the purposeful availment prong.

### 3. Reasonableness ("Gestalt factors")

To evaluate whether the exercise of personal jurisdiction would be reasonable or would offend traditional notions of fair play and substantial justice, the Court considers the "gestalt factors": 1) the burden on the defendant of appearing, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the judicial system's interest in obtaining the most effective resolution of the controversy and 5) the common interests of all sovereigns in promoting substantive social policies. Burger King, 471 U.S. at 477.  The reasonableness portion of the jurisdictional analysis evokes a sliding scale:

> [T]he weaker the plaintiff's showings on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness.

Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994).

The Court recognizes that it would be an inconvenience for Newlong Industrial to appear in Massachusetts given that the company is located entirely in Japan. However, the corporation has not shown that litigating in Massachusetts is "onerous in a special, unusual, or other constitutionally significant way." Pritzker, 42 F.3d at 64. Notably, co-defendant Newlong Machine has not raised the same argument even though it is also a Japanese corporation with its principal place of business in Japan. Moreover, the inconvenience to be borne by Newlong Industrial is at least balanced by the third factor because Massachusetts is likely the only forum in the United States in which the individual plaintiffs can pursue relief without having to travel to Japan. Finally, litigation in Massachusetts will negate the need for a duplicative action in Japan and serve the interests of all judicial systems simultaneously.

Consistent with the July, 2009 order issued in Roman v. Harris & Bruno Machine Co. et al. by Judge Tauro, this Court

concludes that Newlong Industrial is subject to the personal jurisdiction of this forum.[1]

## ORDER

For the foregoing reasons,

1) the motion to dismiss for lack of personal jurisdiction by defendant Newlong Industrial in Civil Action No. 13-12835-NMG (Docket No. 27) is **DENIED;** and

2) the motion to dismiss for lack of personal jurisdiction by defendant Newlong Industrial in Civil Action No. 14-11131-NMG (Docket No. 27) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 18, 2015

---

[1] Although perhaps beyond the issue of personal jurisdiction, additional discovery regarding the affiliation between Newlong Industrial and Newlong Machine at and before the time of the sale of the machine to Longview may produce evidence of an agency or alter ego relationship between the two companies that would be significant.